IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JUN 07 2000

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, | § § § § |
| v. | § Civil Action No. SA99CV1088EP § |
| ENTERPRISE RENT-A-CAR COMPANY OF TEXAS, Defendant. | § § § § |

## CONSENT DECREE

A.   The parties to this Consent Decree are the Plaintiff, United States Equal Employment Opportunity Commission ("EEOC"), and the Defendant, Enterprise Rent-A-Car Company of Texas ("Enterprise"). This lawsuit was initiated by the EEOC on September 30, 1999, under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA").

B.   The EEOC and Enterprise wish to settle this action, without the necessity of further litigation, pursuant to the terms delineated in this Consent Decree. Neither Enterprise's consent to the entry of this Consent Decree, nor any terms set forth in it, shall constitute or be construed as Enterprise's admission of any violation of or liability under the ADEA.

C.   As used herein, records and/or documents shall mean and include all correspondence, computer records, memoranda, reports, notes, lists, letters, applications, resumes, advertisements and brochures that pertain to and are used by Enterprise to recruit, interview, screen, select and/or hire individuals to fill Management Trainee positions in the

San Antonio metropolitan area during the term of this Consent Decree. (See Exhibit "A" attached to this Consent Decree for a description of the San Antonio metropolitan area).

IT IS ORDERED, ADJUDGED AND DECREED as follows:

1.  This Court has jurisdiction of the subject matter of this action and the parties acknowledge that venue is proper.

2.  This Consent Decree resolves all issues raised by the EEOC in the present lawsuit with regard to Enterprise's recruiting, screening, interviewing, selecting and/or hiring individuals for Management Trainee positions in the San Antonio metropolitan area between October 1, 1996 and the expiration date of this Consent Decree. Exhibit "B" is a list of age-protected individuals who applied and were considered for a Management Trainee position in the San Antonio metropolitan area between October 1, 1996 and March 31, 2000.

3.  Nothing contained in this Consent Decree will prohibit the EEOC from accepting and/or processing charges of age discrimination filed by or on behalf of persons, age 40 years of age and older (hereinafter "age-protected individuals") who apply and are not selected for a Management Trainee position at any of Enterprise's offices located in the San Antonio metropolitan area after entry of this Consent Decree. Provided, however, that the EEOC shall not file any legal action regarding any charges of age discrimination against Enterprise relating to Enterprise's recruiting, screening, interviewing, selecting and/or hiring individuals for Management Trainee positions in the San Antonio metropolitan area through the expiration of this Consent Decree except by enforcement of this Consent Decree. Nothing contained in this paragraph shall prohibit the EEOC from applying to the Court for

enforcement of any provision of this Consent Decree (as provided in paragraph 11 below) which the EEOC believes has been violated by Enterprise.

4. The duration of this Consent Decree shall be three years from the date of entry by the Court. This Court shall retain jurisdiction of this action during the term of this Consent Decree and for one hundred thirty-five (135) days after Enterprise submits the third and final annual audit report required under Paragraph No. 11 to the EEOC. Provided, however, that if the EEOC timely files with the Court a petition for enforcement of this Consent Decree under paragraph 11 hereof which asserts that Enterprise has violated this Consent Decree in the third year thereof, then the Court shall retain jurisdiction of this action until such petition for enforcement is resolved or ruled upon by the Court.

5. During the three-year term of the Consent Decree, Enterprise shall be enjoined at any of its offices in the San Antonio metropolitan area from engaging in age discrimination with regard to recruiting, interviewing, selecting and/or hiring individuals to fill Management Trainee positions in the San Antonio metropolitan area. This injunction shall not apply to any other personnel-related actions subsequent to hiring taken by Enterprise with respect to any employee.

6. Enterprise shall post the notice set forth in Exhibit "C" ("Notice") to this Consent Decree regarding its polices, practices, and intent to comply with the ADEA in each location where Enterprise customarily posts employee notices at each of its offices in the San Antonio metropolitan area. The Notice shall be posted within 10 business days of the entry of the Consent Decree and shall remain posted for the duration of this Consent Decree.

7. Enterprise shall supplement the "Employee Referral Program" policy with the following statement:

> Enterprise is firmly committed to maintaining an employee referral program that does not discriminate on the basis of age or any other unlawful factor. Employees who make a referral must comply with Enterprise's EEO policy which expressly prohibits discrimination on the basis of age. Enterprise encourages employees to make referrals on the basis of merit without regard to age or any other unlawful factor.

Enterprise shall issue the supplemented policy to all current employees in the San Antonio metropolitan area within 30 days after the entry of this Consent Decree. During the three-year term of this Consent Decree, Enterprise shall notify all newly hired employees of its Employee Referral Program by providing them with a copy of the supplemental policy with their new hire packet.

8. Within 60 days of the entry of this Consent Decree, labor and employment attorney(s) of Bracewell & Patterson, L.L.P. ("Enterprise's legal counsel") acceptable to the EEOC, shall provide four (4) hours of EEO training to Enterprise's Human Resource Managers, Area Managers, Group Rental Managers, and other management employees who are directly involved in the recruiting, screening, interviewing, selecting and/or hiring of individuals to fill Management Trainee positions in the San Antonio metropolitan area. The training will include the ADEA's prohibitions against discrimination on the basis of age and cover Enterprise's non-discriminatory criteria for offering a first interview to applicants for Management Trainee positions in the San Antonio metropolitan area. The training shall be completed within 60 days after the entry of the Consent Decree. Thereafter, Enterprise's legal counsel will conduct similar EEO training sessions once per year (for a total of 2 additional training sessions) during the term of this Consent Decree for employees (i) hired,

transferred or promoted during the preceding 12-month period into positions responsible for the screening, interviewing, selecting and/or hiring individuals for Management Trainee positions in the San Antonio metropolitan area and (ii) who have not received the training during the term of this Consent Decree. Within 10 days after the initial and each annual training program, Enterprise shall provide the EEOC with written confirmation that the training has been completed and a copy of the training syllabus and materials. Enterprise shall maintain a list of individuals, identified by name and title/position, who attended this training and date of attendance. The attendance records will be available for inspection by the EEOC for 30 days after it receives confirmation of the initial and annual training programs.

9. Within 30 days after the entry of this Consent Decree, Enterprise shall develop and implement a list of non-discriminatory criteria (the "Criteria") which will result in an offer of first interview for Management Trainee positions in the San Antonio metropolitan area. Enterprise has heretofore submitted a list of the Criteria to the EEOC which the EEOC has approved. Any subsequent revisions to this Criteria during the three-year term of this Consent Decree will be reviewed by Enterprise's legal counsel for compliance with the ADEA. During the term of the Consent Decree, Enterprise shall provide the EEOC with written notice that it has revised the Criteria within 10 days after implementation of any revision by Enterprise.

10. Enterprise will retain all applications and/or resumes received from individuals applying for the Management Trainee position in the San Antonio metropolitan area during the three-year term of this Consent Decree. Enterprise shall provide each

applicant selected for an interview for the Management Trainee position in the San Antonio metropolitan area with a written summary of the job duties, compensation, benefits and hours expectations of the position at the time of the first, in-person interview with Enterprise. Enterprise will confirm in writing the employment offer extended to each candidate selected to fill a Management Trainee position in the San Antonio metropolitan area during the three-year term of the Consent Decree.

11. Within 45 days after the first, second and third anniversary dates of the entry of this Consent Decree, Enterprise shall conduct an annual audit for the previous 12-month period ("the audit period") and prepare a written report to the EEOC stating the total number of age-protected and non-age protected individuals who, during the audit period: (i) were interviewed for Management Trainee positions in the San Antonio metropolitan area; (ii) were hired to fill Management Trainee positions in the San Antonio metropolitan area; (iii) were offered Management Trainee positions in the San Antonio metropolitan area but declined/rejected the employment offer; (iv) voluntarily withdrew from consideration for a Management Trainee position in the San Antonio metropolitan area and the reasons for the withdrawal, if ascertainable by Enterprise; and (v) were unresponsive to Enterprise's attempts to interview them for Management Trainee positions in the San Antonio metropolitan area. The written report shall also state for the audit period: (i) the percentages of Management Trainees hired in the San Antonio metropolitan area who are within and outside of the protected age group under the ADEA; and (ii) the total applicant flow experienced by Enterprise for the Management Trainee position in the San Antonio metropolitan area; and (iii) the percentages of such applicants who are within and outside of the protected age

group. The written report shall also confirm whether the Notice has remained posted and the EEO and interview criteria training has been conducted during the audit period. The parties acknowledge that Enterprise will request voluntary disclosure of age/date of birth data from Management Trainee applicants for the limited purpose of assembling and reporting audit data to the EEOC as provided herein. The parties agree that Enterprise's submission of incomplete age/date of birth data to the EEOC due to withholding of such data by any applicant for the Management Trainee position in the San Antonio metropolitan area shall not constitute a violation of this Consent Decree by Enterprise.

The EEOC shall have 45 days from receipt of each audit report in which to inspect the records and documents reviewed or relied upon by Enterprise in compiling the annual audit report. If, after reviewing Enterprise's audit report and Enterprise's records and documents regarding the recruiting, screening, interviewing, selection and/or hiring process for the Management Trainee position during the audit period, the EEOC believes that Enterprise has violated any provision of the Consent Decree during the audit period or the current year of the Consent Decree, it shall notify Enterprise's legal counsel in writing of the alleged violation. The notification shall be delivered to Enterprise's legal counsel within 90 days from the EEOC's receipt of the audit report. The notification shall include the section and provisions of the Consent Decree alleged to be violated and a statement of the facts and circumstances relied upon as the basis for the EEOC's claim of violation. Enterprise will have 30 days from receipt of the notification to respond to the EEOC in writing regarding the alleged violation. If the parties cannot agree regarding the alleged violation, the EEOC

may apply to the Court for enforcement of the provision of the Consent Decree alleged to have been violated by Enterprise.

      12.    Enterprise shall pay the amount of money stated for each individual identified on Exhibit "B" who signs a waiver of their individual rights under the ADEA with regard to issues alleged in Civil Action No. SA99CV1088EP (the "Waiver"), a copy of which is attached hereto as Exhibit "D", for a total payment of $300,000.00 (the "Funds"). Within 10 days after entry of this Consent Decree, Enterprise will mail a Waiver to each individual identified in Exhibit "B", who shall have 35 days after the entry of this Consent Decree to sign the Waiver and deliver it to Enterprise. Any individual who does not timely sign and return this Waiver to Enterprise shall be excluded from the class. Enterprise will provide the EEOC with copies of the signed Waivers. Enterprise will, within 60 days after the entry of this Consent Decree, mail payment to all individuals who timely signed and delivered the Waiver to Enterprise. A copy of each payment check shall be provided to the EEOC. Any returned checks shall be remailed by Enterprise within 125 days after entry of this Consent Decree to the forwarding address provided to Enterprise by the U.S. Postal Service.

      If the aggregate amount of the Funds not successfully delivered to class members (hereinafter the "Residual Amount"), whether through failure to execute the Waiver, failure of check delivery, or the check not being cashed, within 160 days after the entry of this Consent Decree does not exceed $30,000.00, then Enterprise will immediately stop payment and void such undeliverable/uncashed checks. By or before the 190th day after the entry of this Consent Decree, Enterprise will, pursuant to this Consent Decree, donate such amounts to the United Way of San Antonio with a designation for seniors programs.

If, on the other hand, the aggregate amount of the Residual Amount exceeds $30,000.00, then Enterprise will, within 190 days of the entry of this Consent Decree, redistribute the Residual Amount on a pro rata basis to those class members who timely signed and delivered the Waiver and cashed their checks in the initial distribution. If any redistributed checks are returned or not cashed after 220 days of the entry of this Consent Decree, Enterprise will immediately stop payment and void the undeliverable/uncashed checks (hereinafter the "Final Residual Amount"). On or before the 250th day after the entry of this Consent Decree, Enterprise will donate the Final Residual Amount to the United Way of San Antonio pursuant to this Consent Decree with a designation for seniors programs.

13. For each year during the three-year term of this Consent Decree, Enterprise shall have a yearly hiring goal of ten (10) qualified age-protected persons to fill available Management Trainee positions in the San Antonio Metropolitan area. If Enterprise fails to meet any annual hiring goal, the EEOC shall review Enterprise's good faith compliance with its obligations under the Consent Decree in order to determine whether Enterprise has violated the Consent Decree. If Enterprise has acted in good faith in the hiring process for the Management Trainee position but, in spite of its good faith efforts, has not attained the hiring goal of ten (10) qualified age-protected persons, then Enterprise will be excused from such non-compliance and shall not be deemed in violation of this section of the Consent Decree. If, however, the EEOC contends that Enterprise has violated this provision of the Consent Decree, the parties shall follow the procedure set out in paragraph 11 above for enforcement of the Consent Decree.

14. Nothing in this Consent Decree is intended to confer upon any person or entity other than the EEOC the right to seek enforcement of this Consent Decree and/or any of the terms contained herein.

15. All documents required to be forwarded to the parties or their counsel shall be mailed, delivered or faxed to counsel at the following addresses:

| TO THE EEOC: | TO ENTERPRISE LEGAL COUNSEL: |
|---|---|
| Robert B. Harwin<br>Regional Attorney<br>Equal Employment Opportunity Commission<br>San Antonio District Office<br>5410 Fredericksburg Road, Suite 200<br>San Antonio, Texas, 78229-3555<br>Telephone: (210) 281-7673 or 7643<br>Facsimile: (210) 281-7669 | James H. Kizziar, Jr.<br>Mario A. Barrera<br>Bracewell & Patterson, L.L.P.<br>800 One Alamo Center<br>106 South St. Mary's St.<br>San Antonio, Texas 78205-3603<br>Telephone: (210) 226-1166<br>Facsimile: (210) 226-1133 |

16. The parties to this Consent Decree shall bear their own costs and attorney's fees incurred in this action as of the date of the Consent Decree, and in any subsequent action for enforcement of this Consent Decree.

SO ORDERED.

Signed this ___6___ day of __June__, 2000.

_____
HONORABLE EDWARD C. PRADO
UNITED STATES DISTRICT JUDGE

Dated: *May 30, 2000*                Respectfully submitted,

_____
JAMES H. KIZZIAR, JR.
Texas State Bar No. 11547600

_____
MARIO A. BARRERA
Texas State Bar No. 01805915

BRACEWELL & PATTERSON, L.L.P.
800 One Alamo Center
106 South St. Mary's Street
San Antonio, Texas 78205
(210) 226-1166 Telephone
(210) 226-1133 Facsimile

ATTORNEYS FOR DEFENDANT


C. GREGORY STEWART
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

For _____
ROBERT B. HARWIN
Regional Attorney
State Bar No. 076083
  (District of Columbia)

by permission _____
LINDA GUTIERREZ
Supervisory Trial Attorney
State Bar No. 08642750

-11-

by permission  _____
JUDITH G. TAYLOR
Trial Attorney
State Bar No. 19708300

_____
R. CHRIS PITTARD
Trial Attorney
State Bar No. 00794465

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio District Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas, 78229-3555
Telephone: (210) 281-7673 or 281-7643
Facsimile: (210) 281-7669

ATTORNEYS FOR PLAINTIFF

## EXHIBIT A

The "San Antonio metropolitan area" includes the city of San Antonio and the counties of Bexar, Comal, Guadalupe, Kerr and Wilson.

WHITSR\931628\009112
SAN ANTONIO\516534.1

## EXHIBIT B

On May 18, 2000, Enterprise sent written notice (which notice was approved by the EEOC) regarding settlement of this lawsuit to individuals whom the EEOC and Enterprise identified as potential class members. The notice requested that individuals desiring to participate in the settlement provide written confirmation and proof of their age at the time of their application for the Management Trainee position. The deadline for potential class members to respond to the notice is June 8, 2000. Accordingly, the parties shall file Exhibit B to the Consent Decree on June 12, 2000.

## EXHIBIT C

Enterprise Rent-A-Car of Texas is committed to hiring qualified applicants for employment without regard to their age, race, color, religion, sex, national origin or disability. Enterprise will not tolerate discrimination of any kind which violates state or federal laws, including failing to hire individuals on account of their age.

If any employee believes he or she has been discriminated against, the employee should immediately notify his/her supervisor or manager. If the complaint involves someone in the employee's direct line of supervision, the employee is encouraged to speak directly with the Human Resources Manager or the Vice President/General Manager or contact the Equal Employment Opportunity Commission, 5410 Fredericksburg Road, Suite 200, San Antonio, Texas 78229 (210-281-7600 or 1-800-669-4000).

Enterprise will take appropriate corrective action, up to and including termination, based on the circumstances involved, against any employee who violates Enterprise's policies against discrimination.

# EXHIBIT D

## COMPLETE AND FINAL RELEASE OF AGE DISCRIMINATION CLAIMS

1.      In return for payment by Enterprise Rent-A-Car Company of Texas ("Enterprise") of $_____ (the "Funds"), I hereby release Enterprise and all of its officers, directors, agents and employees from any and all claims of age discrimination that I may have under the Age Discrimination in Employment Act of 1967, as amended, including the claims raised by the Equal Employment Opportunity Commission ("EEOC") in Civil Action No. SA99CV1088EP, pending in the United States District Court, for the Western District of Texas, San Antonio Division.

2.      This Release shall apply to any and all acts and/or omissions of Enterprise occurring on or before the date that I sign this Release which arise from or relate to (i) my application for employment with Enterprise as a Management Trainee in the San Antonio metropolitan area; (ii) my non-selection for the Management Trainee position in the San Antonio metropolitan area, (iii) all of the allegations raised in the pleadings and papers on file in Civil Action No. SA99CV1088EP; and (iv) the claim that a class of persons was not selected by Enterprise for the Management Trainee position in the San Antonio metropolitan area because of their age.

3.      This Release does not apply to any events occurring after I sign this Release.

4.      I understand that to receive the Funds, I must sign this Release and deliver it to Enterprise, c/o Bracewell & Patterson, L.L.P., 800 One Alamo Center, 106 S. St. Mary's Street, San Antonio, Texas 78205 within 21 days from _____, 2000. If I do not sign this Release and deliver it to Bracewell & Patterson by this deadline, I shall be ineligible for the Funds and the offer set forth in this Release shall automatically become null and void.

5.  I understand that I am responsible for the tax consequences, if any, resulting from my receipt of the Funds. I understand that Enterprise encourages me to consult with my personal tax advisor.

6.  Enterprise will mail the Funds to the address listed below after this Release has been signed by me and timely delivered to Bracewell & Patterson.

7.  I acknowledge that I have been given the opportunity to review this Release and that I understand all of its terms and provisions. I understand that I may consult with an attorney of my choice, at my expense, before signing this Release.

8.  I acknowledge that I am signing this Release voluntarily and without coercion or duress by anyone associated with Enterprise.

9.  I agree to maintain this Release in confidence and to not disclose it to any other person or organization except my spouse, attorney, tax advisor or as required by law. Prior to disclosing this Release to my spouse, attorney or tax advisor, I shall notify them of this confidentiality obligation and that they must also maintain this Release in confidence.

10. This Release will become effective, binding and enforceable when I have signed and delivered it to Bracewell & Patterson within 21 days of _____, 2000.

   SIGNED in duplicate copies on this the _____ day of _____, 2000.

Signature: _____     Address: _____

Print Name: _____              _____

Social Security Number ____-__-_____     Telephone: _____